# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**SEALED BY COURT ORDER**

VALERY KOSMACHOV,
SERGEY VETROV,
ADIMIR OU, and
EASTLINE TECHNOLOGIES OU,

DEFENDANT(S).

**FILED**
SEP 21 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CR 17    508**

---

## REDACTED INDICTMENT

Count 1: 50 U.S.C. § 1705 – Conspiracy to Violate the International Emergency Economic Powers Act. Counts 2-13: 50 U.S.C. §§ 1705 – Violations of the IEEPA. Counts 14-32: 18 U.S.C. §§554 and 2 – Smuggling Goods from the United States. Count 35: 18 U.S.C. §§ 1956(a)(2)(A) and (h) – Conspiracy to Commit International Money Laundering. Counts 36-52: 18 U.S.C. §§ 1956(a)(2)(A) – International Money Laundering.

---

A true bill.

_____Kan t.Wn_____
                        Foreman

Filed in open court this __21__ day of
__September, 2017__  KAREN L. HOM

_Kevin L. Hom_
JOSEPH C. SPERO              Clerk
UNITED STATES MAGISTRATE JUDGE

Bail, $ _No bail arrest warrants for all individual defendants_

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

Count 1: 50 U.S.C. § 1705 -- Conspiracy to Violate the International Emergency Economic Powers Act.

(Continued)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Penalties: 20 years in prison; $1,000,000 fine; 3 years of supervised release; $100 special assessment; forfeiture of involved property & proceeds.

SEALED BY COURT ORDER

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
SEP 21 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S ───
▶ VALERY KOSMACHOV

DISTRICT COURT NUMBER
CR 17 508

DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☒ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)
U.S. Department of Commerce, Bureau of Industry & Security

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  BRIAN J. STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Philip J. Kearney

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail.

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____  Before Judge: _____

Comments:

## PENALTY SHEET, CONT'D

## VALERY KOSMACHOV

<u>Counts 2-13</u>: 50 U.S.C. §§ 1705 - Violations of the IEEPA

Penalties:   20 years in prison; $1,000,000 fine; 3 years of supervised release$100 special assessment; forfeiture of involved property & proceeds.

<u>Counts 14-32</u>: 18 U.S.C. §§554 and 2 - Smuggling Goods from the United States

Penalties:   10 years in prison; $250,000 fine; 3 years of supervised release; $100 special assessment; forfeiture of involved property & proceeds.

<u>Count 35</u>: 18 U.S.C. §§ 1956(a)(2)(A) and (h) - Conspiracy to Commit International Money Laundering

Penalties:   20 years in prison; three-year period of supervised release; $500,000 fine or twice the value of the property used in the transaction, whichever is greater; forfeiture of involved property and proceeds.

<u>Counts 36-52</u>: 18 U.S.C. §§ 1956(a)(2)(A) - International Money Laundering

Penalties:   20 years in prison; three-year period of supervised release; $500,000 fine or twice the value of the property used in the transaction, whichever is greater; forfeiture of involved property and proceeds.

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

Count 1: 50 U.S.C. § 1705 – Conspiracy to Violate the International Emergency Economic Powers Act.

(Continued)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Penalties: 20 years in prison; $1,000,000 fine; 3 years of supervised release; $100 special assessment; forfeiture of involved property & proceeds.

SEALED BY COURT ORDER

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
SEP 21 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**
▶ SERGEY VETROV

DISTRICT COURT NUMBER
CR 17 508 WHO

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
U.S. Department of Commerce, Bureau of Industry & Security

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Philip J. Kearney

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☒ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  } If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▶ Month/Day/Year

Or... If Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail.

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                          Before Judge:

Comments:

## PENALTY SHEET, CONT'D
## SERGEY VETROV

Counts 2-13: 50 U.S.C. §§ 1705 - Violations of the IEEPA

Penalties: 20 years in prison; $1,000,000 fine; 3 years of supervised release $100 special assessment; forfeiture of involved property & proceeds.

Counts 14-32: 18 U.S.C. §§554 and 2 - Smuggling Goods from the United States

Penalties: 10 years in prison; $250,000 fine; 3 years of supervised release; $100 special assessment; forfeiture of involved property & proceeds.

Count 35: 18 U.S.C. §§ 1956(a)(2)(A) and (h) - Conspiracy to Commit International Money Laundering

Penalties: 20 years in prison; three-year period of supervised release; $500,000 fine or twice the value of the property used in the transaction, whichever is greater; forfeiture of involved property and proceeds.

Counts 36-52: 18 U.S.C. §§ 1956(a)(2)(A) - International Money Laundering

Penalties: 20 years in prison; three-year period of supervised release; $500,000 fine or twice the value of the property used in the transaction, whichever is greater; forfeiture of involved property and proceeds.

BRIAN J. STRETCH (CABN 163973)
United States Attorney

**FILED**
SEP 21 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY COURT ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17 508 |
| Plaintiff, | VIOLATIONS: 50 U.S.C. § 1705 – Conspiracy to Violate the International Emergency Economic Powers Act; 50 U.S.C. § 1705 – Violations of the International Emergency Economic Powers Act; 18 U.S.C. § 554 – Smuggling Goods from the United States; 18 U.S.C. § 1956(a)(2)(A) and (h) – Conspiracy to Commit International Money Laundering; 18 U.S.C. § 1956(a)(2)(A) – International Money Laundering; 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1), 28 U.S.C. § 2461(c) – Forfeiture |
| v. | |
| VALERY KOSMACHOV, SERGEY VETROV, ADIMIR OU, and EASTLINE TECHNOLOGIES OU, | |
| Defendants. | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

INTRODUCTORY ALLEGATIONS

1. Defendant VALERY KOSMACHOV was a citizen of the Russian Federation and a resident of Estonia, who served as the co-owner of Eastline Technologies OU (hereinafter "Eastline"),

INDICTMENT                                1

and the owner of Adimir OU (hereinafter "Adimir"). In Estonia, "OU" is used to designate a private, limited liability company.

2. Defendant SERGEY VETROV was a citizen and resident of the Russian Federation ("Russia"), who served as the co-owner of Eastline.

3. Unindicted co-conspirator ▓. was a Russian national and naturalized citizen of the United States, who served as the co-owner and operator of Trident International Corporation, LLC ("Trident").

4. EASTLINE was a company located in Tallinn, Estonia that was operated, at least in part, for the purpose of procuring electronic components from United States companies and arranging for those components to be exported to Estonia for eventual transshipment to Russia.

5. ADIMIR was a company located in Tallinn, Estonia that was operated, at least in part, for the purpose of procuring electronic components from United States companies and arranging for those components to be exported to Estonia for eventual transshipment to Russia.

6. ROOTRON was a company located in Tampa, Florida that was operated, at least in part, for the purpose of procuring electronic components from United States companies and arranging for those components to be exported to Estonia for eventual transshipment to Russia.

7. Logilane Oy, Ltd. ("Logilane"), was a freight forwarder with an office located in Helsinki, Finland.

8. Trident was a California Limited Liability Company located in Richmond, California and San Francisco, California that was operated, at least in part, for the purpose of procuring electronic components from United States companies and arranging for those components to be exported to Estonia for transshipment to Russia.

9. The United States Department of Homeland Security, Customs and Border Patrol ("CBP") and Immigration and Customs Enforcement ("ICE"), the United States Department of Commerce ("DOC"), and the DOC's Bureau of Industry and Security ("BIS"), were all parts of the executive branch of the United States government and were responsible for collecting and using information regarding outbound shipments being sent and exported across the United States border. Such information was collected and used for various purposes, including statistical analysis, tax assessment, export control and compliance, various purposes relevant to state, local, and foreign governments, and in

INDICTMENT 2

other circumstances.

The International Emergency Economic Powers Act

10. The International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, §§ 1701-1707, authorizes the President of the United States ("the President") to impose economic sanctions in response to an unusual or extraordinary threat to the national security, foreign policy, or economy of the United States when the President declares a national emergency with respect to that threat. Under IEEPA, the President is empowered to declare a national emergency through Executive Orders that had the full force and effect of law.

11. Pursuant to IEEPA, on August 17, 2001, the President issued Executive Order 13222, which declared a national emergency with respect to the unusual and extraordinary threat to the national security, foreign policy, and economy of the United States in light of the expiration of the Export Administration Act ("EAA"), 50 App. U.S.C. §§ 2401-2420, which lapsed on August 17, 2001. 66 Fed. Reg. 44,025 (Aug. 22, 2001). While in effect, the EAA regulated the export of goods, technology, and software from the United States. Pursuant to the provisions of the EAA, the Department of Commerce ("DOC")'s Bureau of Industry and Security ("BIS") promulgated the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774, which contained restrictions on the export of goods outside of the United States, consistent with the policies and provisions of the EAA. See 15 C.F.R. § 730.2. In Executive Order 13222, pursuant to IEEPA, the President ordered that the EAR's provisions remain in full force and effect despite the expiration of the EAA. Presidents have issued annual Executive Notices extending the national emergency declared in Executive Order 13222 from the time period covered by that Executive Order through the present. See, e.g., 82 Fed. Reg. 39,005 (Aug. 16, 2017).

12. Through the EAR, BIS reviewed and controlled the export of certain items from the United States to foreign countries. 15 C.F.R. §§ 734.2-.3. In particular, BIS placed restrictions on the export and reexport of items that it determined could make a significant contribution to the military potential or nuclear proliferation of other nations, or that could be detrimental to the foreign policy or national security of the United States. Under the EAR, such restrictions depended on several factors, including the technical characteristics of the item, the destination country, the end user, and the end use. The most sensitive items subject to EAR controls were identified on the Commerce Control List, or

"CCL," set forth in Title 15, Code of Federal Regulations, part 774, Supplement Number 1. Items listed on the CCL were categorized by Export Control Classification Number ("ECCN"), each of which had export control requirements depending on destination, end use, and end user. Items selected for export control on the CCL were based in part on the participation of the United States in various multinational regimes, including the Wassenaar Arrangement on Export Controls for Conventional Arms and Dual-Use Goods and Technologies ("WA"). Dual use goods such as those listed within the CCL and WA were products and technologies with both civilian and military applications.

13. Defendants VALERY KOSMACHOV, SERGEY VETROV, ADIMIR, and EASTLINE did not apply for, receive, or possess a license or authorization from the DOC to export any of the goods, technology, or services identified below, to Russia.

Export and Shipping Records

14. Pursuant to United States law and regulation, exporters, shippers, and freight forwarders were required to file certain forms and declarations concerning exports of goods and technology from the United States. Typically, those forms were filed electronically through the Automated Export System ("AES"), administered in part by the DHS Bureau of Customs and Border Protection. A Shipper's Export Declaration ("SED") was an official document submitted to DHS in connection with export shipments from the United States.

15. A material part of the SED and AES, as well as other export filings, was information concerning the end-user or ultimate destination of the export. The identity of the end-user may determine whether or not the goods may be exported from the United States: a) without any specific authorization from the United States government; b) with the specific authorization or validated license from the DOC, the United States Department of State, or the United States Department of Treasury; or c) not under any circumstances.

16. The SED or AES was a representation to the United States government that the transaction occurred as described. The SED or AES was used by the United States Bureau of Census to collect trade statistics and by the BIS, DOC, for export control purposes.

17. The Secretary of Commerce had the authority to collect information from persons

exporting goods from the United States. 13 U.S.C. § 301. The Foreign Trade Regulations (Title 15, Code of Federal Regulations, Part 30) set forth the general requirements for exporters, including the requirement that an exporter, known as the United States Principal Party in Interest ("USPPI"), or an exporter's agent, file Electronic Export Information ("EEI") for all goods being exported where the value of a single commodity is over $2,500. 15 C.F.R. §§ 30.1, 30.2, and 30.37(a).

18. The USPPI or its authorized agent was required to file EEI electronically through the AES. 15 C.F.R. § 30.2. The USPPI or its authorized agent had the responsibility to submit complete, correct information in AES based on personal knowledge of the facts or on information furnished by the parties to the export transaction. 15 C.F.R. §§ 30.3, 30.9. Required information that must be submitted in AES included, among other things, the name of the USPPI, commodity description, shipping weight, ultimate consignee or end-user, and shipment value. 15 C.F.R. § 30.6. Once the EEI pertaining to an individual export shipment was processed by AES and accepted, an Internal Transaction Number ("ITN") was generated.

COUNT ONE: (50 U.S.C. § 1705 - Conspiracy to Violate the International Emergency Economic Powers Act)

19. The allegations contained in Paragraphs 1 through 18 are re-alleged and incorporated as if fully set forth herein.

20. Beginning as early as in or about March 2, 2012, and continuing through the present, in the Northern District of California and elsewhere, the defendants,

                VALERY KOSMACHOV,
                SERGEY VETROV,
                ADIMIR OU, and
                EASTLINE TECHNOLOGIES OU,

and others, did knowingly and willfully combine, conspire, and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to illegally export from the United States to Russia items under the jurisdiction of the DOC, to wit: electronic components, including "dual use" electronic components, without first having obtained the required licenses from the DOC.

///

## OBJECT OF THE CONSPIRACY

21. The object of the conspiracy was to purchase U.S.-origin goods from companies within the United States and cause those items to be shipped to Russia, through Estonia and Finland, in violation of the IEEPA. As part of the conspiracy, the defendants sought to: a) generate revenue; b) evade U.S. export laws by surreptitiously supplying goods to Russian end-users; and c) defraud the United States-based manufacturers and distributors by providing false end-user and end-use information in connection with the purchase of United States export commodities.

## MANNER AND MEANS OF THE CONSPIRACY

22. The manner and means by which the defendants and their conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

   a. Defendants and others, including unindicted co-conspirator ▓▓, caused and attempted to cause the export of United States goods, including dual-use goods that were controlled by the DOC, from the United States to EASTLINE, ADIMIR, and Logilane for ultimate reexport to Russia.

   b. Defendants and others, including ▓▓ used email and other forms of communication to contact United States companies in an attempt to purchase components and goods identified for purchase and shipment to entities in Finland and Estonia for reshipment to Russia, and to transmit information to each other regarding those components and goods.

   c. Defendants and others, including ▓▓, used financial institutions located outside the United States to send payments and wire transfers to financial institutions located within the United States to fund the purchase and attempted purchase of components and goods intended for reshipment to Russia.

   d. Defendants and others, including unindicted co-conspirator ▓▓, submitted or caused others to submit false information regarding exports into SEDs and the AES.

   e. Defendants and others, including ▓▓, did not obtain a license from the federal government to export from the United States to Russia goods for which an export license was required.

All in violation of Title 50, United States Code, Sections 1705(a) and (c), and Title 15, Code of Federal Regulations, Section 736.2 and Part 774, Supp. 1.

///

INDICTMENT                                           6

COUNTS TWO THROUGH THIRTEEN: (50 U.S.C. § 1705 – Violations of the International Emergency Powers Act)

23. The allegations contained in Paragraphs 1 through 18, and 22, are re-alleged and incorporated as if fully set forth herein.

24. On or about the dates alleged below, in the Northern District of California and elsewhere, the defendants,

> VALERY KOSMACHOV, and
> SERGEY VETROV,

and others, did willfully export, reexport, supply, and cause to be exported, reexported, and supplied, and attempted to do so, goods, including dual use goods, as described more fully below, from the United States to Russia, without first obtaining the required licenses and authorization from the Department of Commerce.

| COUNT | DATE OF U.S. EXPORT | GOODS | U.S. PRINCIPAL PARTY OF INTEREST (USPPI) | ECCN NO. |
|---|---|---|---|---|
| TWO | January 30, 2013 | 200 Analog to Digital Converters | Digi-Key Corp. | 3A001.a.5.a.4 |
| THREE | February 5, 2013 | 100 Analog To Digital Converters | Digi-Key Corp. | 3A001.a.5.a.5 |
| FOUR | February 18, 2013 | 116 TriQuint Power Amplifiers | Richardson RFPD, Inc. | 3A001.b.3.b |
| FIVE | April 6, 2013 | 15 IDT High Speed Static RAM | Trident | 3A001.a.2.c |
| SIX | April 8, 2013 | 500 TriQuint Power Amplifiers | Richardson RFPD, Inc. | 3A001.b.3 |
| SEVEN | April 23, 2013 | 20 Analog Devices Digital Converters | Digi Key, Corp. | 3A001.a.5.a.5 |
| EIGHT | June 6 and 21, 2013 | 200 Analog to Digital Converters | Digi Key, Corp. | 3A001.a.5.a.4 |
| NINE | June 28, 2013 | 17 IDT High Speed Static RAM | Trident | 3A001.a.2.c |
| TEN | June 30, 2013 | 24 IDT High Speed Static RAM | Trident | 3A001.a.2.c |
| ELEVEN | July 14, 2013 | 57 IDT High Speed Static RAM | Trident | 3A001.a.2.c |
| TWELVE | July 21, 2013 | 51 Xilinx FPGAs | Trident | 3A001.a.2.c |
| THIRTEEN | April 14, 2014 | 25 Power Amplifiers | Richardson RFPD, Inc. | 3A001.b.2.b |

All in violation of Title 50, United States Code, Sections 1705(a) and (c), Title 15, Code of Federal Regulations, Section 736.2 and Part 774 Supp. 1, and Title 18, United States Code, Section 2.

COUNTS FOURTEEN THROUGH THIRTY-FOUR: (18 U.S.C. §§ 554 and 2 – Smuggling Goods from the United States)

25. The allegations contained in Paragraphs 1 through 18 are re-alleged and incorporated as if fully set forth herein.

26. On or about the dates alleged below, in the Northern District of California and elsewhere, the defendants,

VALERY KOSMACHOV, and
SERGEY VETROV,

and others, did knowingly and fraudulently export and send, and attempt to export and send, from the United States, electronic components, including dual use electronic components, with the ITNs listed below, contrary to the laws and regulations of the United States, specifically, by knowingly submitting false and misleading export information, and willfully causing others to submit false and misleading export information, in SEDs and through the AES, in violation of Title 13, United States Code, Section 305(a)(1):

| COUNT | EXPORT DATE | LISTED ITEMS | ULTIMATE CONSIGNEE(S) | ITN NO. |
|---|---|---|---|---|
| FOURTEEN | November 8, 2012 | 16,911 electronic parts | Eastline | X20121108034222 |
| FIFTEEN | December 5, 2012 | 38,431 electronic parts | Eastline | X20121206020080 |
| SIXTEEN | December 12, 2012 | 17,724 electronic parts | Eastline | X20121212022908 |
| SEVENTEEN | December 17, 2012 | 112 electronic parts | Eastline | X20121217017695 |
| EIGHTEEN | January 14, 2013 | 37,796 electronic parts | Eastline | X2013-114002432 |
| NINETEEN | January 30, 2013 | 200 Analog to Digital Converters | Eastline | X20130130071563 |
| TWENTY | February 5, 2013 | 100 Analog to Digital Converters | Eastline | X20130205022783 |
| TWENTY-ONE | February 18, 2013 | 116 TriQuint Power Amplifiers | VIM Agency, Ltd. | X20130218045934 |
| TWENTY-TWO | April 6, 2013 | Power Supplies | Logilane Oy, Ltd. (Adimir) | X20130405080352 |
| TWENTY-THREE | April 8, 2013 | 500 TriQuint Power Amplifiers | VIM Agency, Ltd. | X20130408062293 |
| TWENTY-FOUR | April 23, 2013 | 20 Analog to Digital Converters | Adimir | X20130422013256 |
| TWENTY-FIVE | June 21, 2013 | 189 Analog to Digital Converters | Eastline | X20130621057752 |

| | | | | |
|---|---|---|---|---|
| TWENTY-SIX | June 28, 2013 | Electric Plugs, et al. | Adimir | X20130625069271 |
| TWENTY-SEVEN | June 30, 2013 | 37 Power Supplies, et. al | Adimir | X20130627075675 |
| TWENTY-EIGHT | July 10, 2013 | 30 Logic Programmable FPGAs | Eastline | X20130710068430 |
| TWENTY-NINE | July 14, 2013 | 53 Power Supplies, et al. | Adimir | X020130712076362 |
| THIRTY | July 21, 2013 | 70 Power Supplies, et al. | Adimir | X20130719077891 |
| THIRTY-ONE | September 6, 2013 | 223 Logic Programmable FPGAs | Eastline | X20130906059402 |
| THIRTY-TWO | November 18, 2013 | 4 Kintex-7 FPGAs | Eastline | X20131118021185 |
| THIRTY-THREE | April 14, 2014 | 25 Power Amplifiers | VIM Agency Ltd | X20140414215134 |
| THIRTY-FOUR | November 12, 2015 | 1000 Electronic Integrated Circuits | Eastline | X20151112864934 |

All in violation of Title 18, United States Code, Sections 554 and 2.

COUNT THIRTY-FIVE: (18 U.S.C. §§ 1956(a)(2)(A) and (h) – Conspiracy to Commit International Money Laundering)

27. The allegations contained in Paragraphs 1 through 18, and 22, are re-alleged and incorporated as if fully set forth herein.

28. Beginning as early as in or about March 2, 2012, the exact date being unknown to the Grand Jury, and continuing through the present, in the Northern District of California and elsewhere, the defendants,

> VALERY KOSMACHOV,
> SERGEY VETROV,
> ADIMIR OU, and
> EASTLINE OU,

did knowingly conspire with other persons known and unknown to the Grand Jury to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds, to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, namely, smuggling goods from the United States, in violation of 18 U.S.C. § 554, and exporting goods to Russia without a license in violation of IEEPA, 50 U.S.C. § 1705.

///

INDICTMENT                                9

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

COUNTS THIRTY-SIX THROUGH FIFTY-TWO: (18 U.S.C. § 1956(a)(2)(A) – Money Laundering)

29. The allegations contained in Paragraphs 1 through 18 are re-alleged and incorporated as if fully set forth herein.

30. On or about the dates alleged below, in the Northern District of California and elsewhere, the defendants,

> VALERY KOSMACHOV, and
> SERGEY VETROV,

did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds, as described more fully below for each count, to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, namely, smuggling goods from the United States, in violation of 18 U.S.C. § 554, and exporting goods to the Russia without a license in violation of IEEPA, 50 U.S.C. § 1705.

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| THIRTY-SIX | October 2, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $18,312.89. |
| THIRTY-SEVEN | October 12, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $ 20,128.26. |
| THIRTY-EIGHT | October 19, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $22,018.70. |
| THIRTY-NINE | November 5, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $31,425.32. |
| FORTY | November 26, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $46,413.33. |
| FORTY-ONE | November 28, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $69,145.89. |
| FORTY-TWO | December 18, 2012 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $14,448.62. |
| FORTY-THREE | January 16, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Digi Key Corp.'s account with Northern State Bank ending in -596-7, in Minnesota, United States, in the amount of $23,621.23. |
| FORTY-FOUR | January 29, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Rootron, LLC's account with Bank of America N.A. in Florida, United States, in the amount of $5,715.00. |

INDICTMENT 10

| FORTY-FIVE | February 5, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Digi Key Corp.'s account with Northern State Bank ending in -596-7, in Minnesota, United States, in the amount of $11,613.22. |
|---|---|---|
| FORTY-SIX | March 21, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Richardson RFPD's account with J.P. Morgan Chase Bank, in New York, United States, in the amount of $15,660.56. |
| FORTY-SEVEN | May 10, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in -3891 to Richardson RFPD's account with J.P Morgan Chase Bank, in New York, United States, in the amount of $36,624.73. |
| FORTY-EIGHT | June 6, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Digi Key Corp.'s account with Northern State Bank ending in -596-7, in Minnesota, United States, in the amount of $18,939.33. |
| FORTY-NINE | July 10, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Digi Key Corp.'s account with Northern State Bank ending in -596-7, in Minnesota, United States, in the amount of $4,301.57. |
| FIFTY | September 6, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Digi Key Corp.'s account with Northern State Bank ending in -596-7, in Minnesota, United States, in the amount of $10,876.86. |
| FIFTY-ONE | November 18, 2013 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Digi Key Corp.'s account with Northern State Bank ending in -596-7, in Minnesota, United States, in the amount of $5,969.31. |
| FIFTY-TWO | May 14, 2014 | Transfer from Swedbank Bank, located in Estonia, account ending in 3891 to Richardson RFPD's account with J.P. Morgan Chase Bank, in New York, United States, in the amount of $7,751.48. |

All in violation of Title 18, United States Code, Section 1956(a)(2)(A).

FORFEITURE ALLEGATION: (13 U.S.C § 305(a)(3), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c) - Forfeiture)

31. The allegations contained in Counts One through Fifty-Two of this Indictment are re-alleged and incorporated herein for the purpose of alleging the forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

32. Upon conviction of one or more of the offenses alleged in Counts One through Thirteen of the Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds.

33. Upon conviction of one or more of the offenses alleged in Counts Fourteen through Thirty-Four of the Indictment, the defendants shall forfeit to the United States, pursuant to 13 U.S.C. § 305, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any of their interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation, any of their interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation,

INDICTMENT                    11

and any of their property constituting or derived from any proceeds traceable to or obtained directly or indirectly as a result of the violation.

34. Upon conviction of one or more of the offenses alleged in Counts Thirty-Five through Fifty-Two, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense or traceable to such property.

35. If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: Sept 21, 2017

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

BARBARA J. VALLIERE
Chief, Criminal Division

Approved as to form:  _____
                                    AUSA KEARNEY

SEALED BY COURT ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

*Instructions:* Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

CR 17 508

| | |
|---|---|
| CASE NAME: USA v. VALERY KOSMACHOV, et al. | CASE NUMBER: CR |
| Is This Case Under Seal? | Yes ✓   No |
| Total Number of Defendants: | 1   2-7 ✓   8 or more |
| Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326? | Yes   No ✓ |
| Venue (Per Crim. L.R. 18-1): | SF ✓   OAK   SJ |
| Is this a potential high-cost case? | Yes ✓   No |
| Is any defendant charged with a death-penalty-eligible crime? | Yes   No ✓ |
| Is this a RICO Act gang case? | Yes   No ✓ |
| Assigned AUSA (Lead Attorney): Philip J. Kearney | Date Submitted: 9/14/2017 |

Comments:

WHO

RESET FORM     SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)